FILED
2025 Dec-02 PM 02:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

FILED

2025 DEC -2  A II: 46

U.S. DISTRICT COURT
N.D. OF ALABAMA

MAYA DELION, individually,
and JACOB GOODSON, individually,
Plaintiffs,

v.

CITY OF WOODSTOCK, ALABAMA,
BIBB COUNTY COMMISSION,
JOHN DOES 1–200,
FICTITIOUS DEFENDANTS A-E,
UAB HOSPITAL,
UAB MEDICAL WEST
Defendants.

Civil Action No.: _____

## COMPLAINT FOR DAMAGES UNDER 42 U.S.C. § 1983 AND ALABAMA LAW

## I. INTRODUCTION

1. This action arises from a multi-agency law-enforcement incident on December 2 and December 3, 2023, at the rural property of Plaintiff Maya Delion in Bibb County, Alabama.

2. Officers from the Woodstock Police Department, Bibb County Sheriff's Office, and other agencies deployed to the property and, without unified command or coordinated control, discharged a large, simultaneous volley of gunfire toward a residence occupied by Ms. Delion's adult son, Joseph Tyler Goodson ("Tyler").

3. Plaintiffs, who were present on the property, were placed in direct danger by the gunfire and suffered emotional, psychological, and property-related injuries.

4. Bullet impacts on the residence, surrounding structures, and multiple vehicles show an extraordinarily high volume of simultaneous gunfire, reasonably estimated to exceed dozens of rounds.

5. Plaintiffs bring this action to preserve their federal and state-law claims arising from these events.

## II. JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because Plaintiffs bring claims under 42 U.S.C. § 1983.

7. Supplemental jurisdiction over Plaintiffs' Alabama state-law claims is proper under 28 U.S.C. § 1367.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because all events occurred in Bibb County, Alabama.

## III. PARTIES

9. Plaintiff MAYA DELION is an adult Alabama resident and owner of the property where the incident occurred.

10. Plaintiff JACOB GOODSON is an adult Alabama resident and eyewitness to the events.

11. Defendant CITY OF WOODSTOCK is a municipal corporation organized under the laws of the State of Alabama. It is responsible for the policies, customs, practices, supervision, training, discipline, and conduct of the Woodstock Police Department and all officers acting under its authority during the events at issue.

12. Defendant BIBB COUNTY COMMISSION is the governing body for Bibb County, Alabama, and is responsible for funding, oversight, administration,

policies, customs, supervision, training, and practices of the Bibb County Sheriff's Office and its deputies, including those who participated in the events at issue.

13. Defendants JOHN DOES 1–200 are individual law-enforcement officers, supervisors, tactical personnel, or command personnel from the Woodstock Police Department, Bibb County Sheriff's Office, and any other participating agencies who were present on December 2–3, 2023, and whose identities are currently unknown and have not been disclosed. These Doe Defendants participated directly or indirectly in the unlawful acts described herein. Plaintiffs will amend this Complaint to substitute their true names once disclosed.

14. Defendants FICTITIOUS DEFENDANTS A-E are legal entities, supervisors, policymakers, contractors, or other persons whose identities are currently unknown and who may be responsible for policies, customs, supervision, training failures, or other conduct that contributed to Plaintiffs' injuries. Plaintiffs will amend this Complaint to name these Defendants when their identities become known.

15. Defendant UAB HOSPITAL (University of Alabama at Birmingham Hospital) is a medical institution located in Birmingham, Alabama. Plaintiffs allege that UAB Hospital personnel permitted or facilitated the continued unlawful seizure of Tyler while he was unconscious, including allowing armed law-enforcement officers to restrain and maintain custody without lawful basis.

16. Defendant UAB MEDICAL WEST is a medical facility located in the Birmingham metropolitan area and is named to preserve claims related to any role it played in permitting, facilitating, or maintaining the continued unlawful seizure or custody of Tyler following the shooting incident.

## IV. FACTUAL ALLEGATIONS

17. Ms. Delion owns a rural tract containing two separate homes approximately 100 yards apart: one occupied by her, and one occupied by Tyler and his family.

18. On December 2 and December 3, 2023, multiple agencies responded to the property, but no unified command or coordinated tactical plan was established.

19. Officers moved independently, positioned themselves in conflicting lines of fire, and deployed in a militarized posture without a verified threat or coordinated control.

20. Without clear commands or coordinated justification, officers discharged an extraordinarily high volume of simultaneous gunfire toward Tyler's residence.

21. Based on visible ballistic damage to the home, surrounding structures, and several vehicles, including Ms. Delion's personal vehicle, Plaintiffs reasonably estimate that dozens of rounds were fired.

22. Plaintiffs were physically present on the property and were placed in immediate danger of being struck by gunfire, causing fear of death, emotional distress, and psychological harm.

23. Ms. Delion's property, including her vehicle and surrounding structures, sustained significant bullet damage as a result of officers' actions.

24. Two minor children were inside Tyler's residence at the time; this fact was known or readily knowable to officers.

25. After the shooting, Tyler was unconscious and incapacitated. Despite this, officers maintained physical restraints and asserted custody over him without probable cause or lawful authority.

26. At UAB Hospital, an armed officer remained stationed over Tyler's unconscious body, continuing an unlawful seizure despite no arrest or lawful basis for detention.

27. Plaintiffs' emotional, psychological, and familial interests were harmed by this unauthorized custody.

28. Plaintiffs have been unable to identify all responsible officers because no investigative materials, including body camera footage, dash camera footage, firearm discharge logs, or reports, have been released.

29. Plaintiffs therefore name John Does 1–100 and will amend once their identities are disclosed.

## V. FEDERAL CLAIMS (42 U.S.C. § 1983)

COUNT I – Unreasonable Seizure of Persons (Fourth Amendment)

30. Officers' reckless discharge of firearms across an occupied property placed Plaintiffs in immediate danger, constituting an unreasonable seizure.

COUNT II – Unreasonable Seizure and Destruction of Property

31. Officers' use of Ms. Delion's home and vehicle as firing positions, and the resulting bullet damage, constituted unreasonable seizure and destruction of property.

COUNT III – Bystander Liability / Zone of Danger

32. Plaintiffs were within the zone of danger created by the gunfire and suffered emotional and psychological injuries as a direct result.

COUNT IV – Continued Unreasonable Seizure (Hospital Custody)

33. Officers continued to restrain and assert custody over Tyler while unconscious, without probable cause or lawful authority, interfering with Plaintiffs' familial rights.

COUNT V – Monell Liability (City of Woodstock & Bibb County Commission)

34. Defendants failed to properly train and supervise officers regarding crisis response, firearms use, interagency coordination, and unified command.

35. No unified command existed, causing chaotic and unsafe firing conditions.

36. Defendants maintained practices, customs, or policies that allowed or enabled reckless use of force and lack of coordination.

37. These failures were the moving force behind Plaintiffs' constitutional injuries.

## VI. ALABAMA STATE-LAW CLAIMS

COUNT VI – Wantonness

COUNT VII – Trespass

COUNT VIII – Trespass to Chattels

COUNT IX – Property Damage

## VII. PRAYER FOR RELIEF

Plaintiffs request:

a. Compensatory damages;

b. Punitive damages under Alabama law;

c. Declaratory relief;

d. Injunctive relief requiring preservation and disclosure of records and identification of Doe officers;

e. Costs; and

f. Any other relief deemed appropriate.

## VIII. JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

Dated this 1st day of December, 2025.

Respectfully submitted,

Maya Delion
Plaintiff, Pro Se
588 Georgia Loop
Woodstock, Alabama 35188
(205) 299-2371
mayadelion@gmail.com

Jacob Goodson
Plaintiff, Pro Se
640 Mountain View Lane
West Blocton, Alabama 35184
(205) 718-1100
jake.goodson@yahoo.com

## CERTIFICATE OF SERVICE

I certify that I will serve each defendant with a copy of this Complaint and the issued summons immediately after the Clerk of Court provides the summonses.

Dated: December 1, 2025

**Maya Delion**
Plaintiff, Pro Se

**Jacob Goodson**
Plaintiff, Pro Se